(Reap. Dec. 10467)

KREISS & COMPANY, LTD. JAMES G. WILEY ET AL. } *v.* UNITED STATES

Entry No. 1555, etc.

(Decided March 12, 1963)

*Stein & Shostak* for the plaintiffs.

*John W. Douglas*, Acting Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement enumerated in the attached schedule of cases, designated schedule A, have been

submitted upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the entries the subject of the appeals for reappraisement, enumerated in the attached Schedule of Cases designated Schedule A, attached hereto, which is incorporated herein:

1. That with respect to the articles listed in Schedule B, attached hereto and made a part hereof, wherever said articles appear on the invoices covered by the entries the subject of the appeals for reappraisement enumerated in Schedule A, on the dates of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, were the unit values set forth in said Schedule B, net packed.

2. That with respect to all other merchandise covered by the invoices and entries the subject of said appeals for reappraisement enumerated in Schedule A, at the time of exportation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the appraised unit values, net packed.

3. That all of the merchandise covered by all of the appeals for reappraisement the subject of this stipulation was entered prior to February 28, 1958.

4. That on the dates of exportation of the merchandise involved herein, there were no higher foreign values for such or similar merchandise.

IT IS FURTHER STIPULATED AND AGREED that these appeals for reappraisement enumerated in the attached Schedule A may be deemed submitted for decision on this stipulation.

On the agreed facts, I find:

1. That the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the articles listed in schedule B, attached hereto, wherever said articles appear on the invoices covered by the entries listed on the attached schedule of cases designated schedule A and that such values are the respective unit values, set forth in said schedule B, net, packed; and

2. That the export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of all other merchandise covered by the invoices and entries listed on the attached schedule of cases designated schedule A and that such values are the respective appraised unit values, net, packed.

Judgment will be rendered accordingly.